UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAUL CORONA,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br><br>    Defendant. | Case No. ED CV 13-795-SP<br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**INTRODUCTION**

On May 6, 2013, plaintiff Oscar Raul Corona filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one issue for decision: whether the Administrative Law Judge ("ALJ") erred at step five. Memorandum in Support of Complaint ("P. Mem.") at 5-12. Memorandum in Support of Defendant's Answer ("D. Mem.") at 4-7.

Having carefully studied, inter alia, the parties's moving papers, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ did not err at step five. Consequently, this court affirms the decision of the Commissioner denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was forty-five years old on his alleged disability onset date, is a high school graduate. AR at 38, 51, 200. Plaintiff has past relevant work as a service writer and garage supervisor. *Id.* at 37, 76.

In July 2009, plaintiff filed applications for a period of disability, DIB, and SSI, alleging an onset date of June 1, 2008 due to hepatitis C and A. *Id.* at 187-93, 203-04. The Commissioner denied plaintiff's application initially and upon reconsideration, after which he filed a request for a hearing. *Id*. at 86-90, 93-97, 99.

On March 13, 2012, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id.* at 44-79. The ALJ also heard testimony from Dr. Samuel Landau, a medical expert, Mary Escuiheda, a lay witnesss, and Alan Ey, a vocational expert. *Id.* at 52-56, 71-74, 75-78. On April 10, 2012, the ALJ denied plaintiff's claim for benefits. *Id.*at 30-39.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since June 1, 2008, the alleged onset date. *Id.* at 32.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: liver cirrhosis and hepatitis C, both secondary to alcohol abuse; and mild obesity. *Id.*

At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 33.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined that he had the RFC to perform light work, with the limitations that plaintiff: could lift/carry twenty pounds occasionally and ten pounds frequently; could stand/walk two hours out of an eight-hour workday; could sit without restrictions, but with normal breaks such as every two hours; could occasionally stoop and bend; could climb stairs; could not climb ladders; and could not do work at heights or that required balance. *Id*. The ALJ also determined that plaintiff's work environment should be air-conditioned. *Id.*

The ALJ found, at step four, that plaintiff could not perform his past relevant work. *Id.* at 37.

At step five, the ALJ determined that, based upon plaintiff's age, education, work experience, and RFC, plaintiff could perform other work "that exist[s] is significant numbers in the national economy," including cashier II, assembler of electrical accessories, and assembler of small products. *Id*. at 38-39.

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act ("SSA"). *Id.* at 39.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-3. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing

the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff argues that the ALJ erred at step five because the VE's testimony conflicted with the Dictionary of Occupational Titles ("DOT"). P. Mem. at 5-12. The court disagrees.

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can perform, given his or her age, education, work experience, and RFC. 20 C.F.R. §§ 404.1512(f), 416.912(f).

The Commissioner may meet her step five burden either by reference to the Medical-Vocational Guidelines at 20 C.F.R. part 404, Subpart P, Appendix 2 or by relying on the testimony of a vocational expert and the DOT "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); *see Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001); Social Security Ruling ("SSR") 83-12;[2] *see also* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is a

---

[2] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 1 (9th

source of reliable job information). The DOT is the rebuttable presumptive authority on job classifications. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. *Massachi*, 486 F.3d at 1152-53 (discussing SSR 00-4p). In order for an ALJ to accept a VE's testimony that contradicts the DOT, the record must contain "'persuasive evidence to support the deviation.'" *Id.* at 1153 (*quoting Johnson*, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (as amended).

Here, the ALJ determined that plaintiff had the RFC to perform light work but with certain additional exertional and non-exertional limitations, including limiting plaintiff to standing and/or walking for two hours out of an eight-hour workday. AR at 33. In response to a hypothetical at the hearing, which reflected this RFC, the vocational expert testified that plaintiff could perform the jobs of cashier II (DOT 211.462-010), assembler of electrical accessories (DOT 729.687-010), and assembler of small products (DOT 706.684-022). *Id*. at 76-77. The vocational expert provided the number of these jobs available regionally and nationally and explained that these numbers took into account erosion due to plaintiff's standing and walking limitations. *Id.* at 77. The vocational expert further testified that his testimony was consistent with the DOT. *Id.* at 78. In the decision denying benefits, the ALJ stated that he relied on the testimony of the vocational expert. *Id.* at 39.

---

Cir. 2001) (internal citations omitted).

Plaintiff argues that the ALJ erred because he improperly relied on the vocational expert's incorrect assertion that there was no conflict between his testimony and the DOT when there was indeed an apparent conflict.  P. Mem. at 6-7, 9-10.  Plaintiff contends that the vocational expert's testimony was inconsistent with the DOT because the three identified jobs were classified as light work and therefore would require him to stand/walk six hours out of an eight-hour workday, which was longer than his RFC limitations permitted.  *Id.*

Plaintiff premises his argument on SSR 83-10, which specifies that light work requires "frequent lifting and carrying of objects weight up to 10 pounds" and "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the *full range* of light work requires standing or walking, off and on, for a total of approximately 6 hours out of an 8-hour workday."  SSR 83-10 (emphasis added); 20 C.F.R. §§ 404.1567(b), 416.967(b); *see* P. Mem. at 7.  But SSR 83-10 does not require six hours of standing and/or walking for *all* jobs classified as light work.  It defines "frequent" as "occurring more than one-third to two-thirds of the time."  SSR 83-10.  Moreover, SSR 83-10 also expressly recognizes that some jobs may be classified as light "when it involves sitting most of the time with some pushing and pulling of arm-hand or leg-foot controls."  *Id.*  Thus, not all light work requires a claimant to stand/walk six hours.

Consistent with the definition of light work and the DOT, the vocational expert clearly explained plaintiff could not perform the *full* range of cashier II, assembler of electrical accessories, and assembler of small products jobs.  The VE specifically explained that the numbers of these jobs available were eroded by plaintiff's standing and walking limitations, but that plaintiff would still be capable of performing a significant number of such jobs.  AR at 77.  And the ALJ clearly asked the vocational expert if there was any conflict between his testimony

7

and the DOT, to which the vocational expert responded that his testimony was consistent. *Id.* The ALJ reasonably relied on the VE's testimony.

Accordingly, the ALJ did not err at step five. Substantial evidence supports the ALJ's finding that plaintiff could perform other work.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: March 12, 2014

SHERI PYM
United States Magistrate Judge